UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS TOMPKINS | : | CIVIL ACTION NO. 3:CV-05-0849 |
| Plaintiff | : | (Judge Nealon) |
| v. | : | |
| DONALD J. FEINBERG, | : | |
| Defendant | : | |

**ORDER**

**BACKGROUND**

Thomas Tompkins, an inmate currently confined in the State Correctional Institution, Houtzdale, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Along with his complaint, Plaintiff filed an application to proceed in forma pauperis. (Doc. 2). Plaintiff names as the sole Defendant, Donald J. Feinberg, privately retained counsel, hired to represent Plaintiff in Tompkins v. Lackawanna County, Civil Action No. 3:03-CV-1738, another civil rights action proceeding in this Court. For the reasons set forth below, Plaintiff's application to proceed in forma pauperis will be granted for the purpose of filing the action, and the complaint will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

1. Section 1915(e)(2) provides that:
(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines
(continued...)

When considering a complaint accompanied by a motion to proceed <u>in forma pauperis</u>, a district court may dismiss a complaint, <u>sua sponte</u>, if the complaint is malicious or legally frivolous, meaning it presents an unquestionably meritless legal theory or is predicated on clearly baseless factual averments. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989); <u>Wilson v. Rackmill</u>, 878 F.2d 772, 774 (3d Cir. 1989).  Unquestionably meritless legal theories are those " 'in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit. . . .' " <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990) (quoting <u>Sultenfuss v. Snow</u>, 894 F.2d 1277, 1278 (11th Cir. 1990)).  Clearly baseless factual contentions describe scenarios "clearly removed from reality." <u>Id</u>. "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992).  When reviewing a complaint for frivolity under § 1915(d), the court is not bound, as it is on a motion to dismiss, "to accept without question the truth of the plaintiff's allegations." <u>Id</u>. at 32.

The Plaintiff's complaint states in toto:

---

(...continued)
  that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is
  frivolous or malicious; (ii) fails to state a claim on which relief may be
  granted; or (iii) seeks monetary relief against a defendant who is immune
  from such relief.

> I feel negligence and malpractice was done to me by attorney Donald J. Feinberg which caused me damage. He failed to complete discovery in my civil case and ignored the court order dated 12-24-03 by Judge Nealon concerning discovery on my one civil case which led to summary judgment for defendant and I claim negligence and malpractice against my attorney and damage to me as my civil attorney before he was allowed to withdraw on me on 7-2-04 and I need to address this by trial.

(Doc. 1, complaint at p. 4). For relief, Plaintiff seeks compensatory damages and a trial by jury. Id.

**DISCUSSION**

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See e.g., Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

As privately retained counsel, Defendant Feinberg represented and served his client, not the state. Therefore, his actions were not 'under color of state law' within the meaning of 42 U.S.C. § 1983. Polk County v. Dodson, 454 U.S. 312 (1981) (public defender is not a state actor for § 1983 purposes); Black v. Bayer, 672 F.2d 309 (3d Cir. 1982), cert. denied 459 U.S. 916 (1982) (privately-retained attorney does not act under color of state law); United States ex rel. Simmons v. Zibilich, 542 F.2d 259 (5th Cir. 1976) (court-appointed volunteer attorney does not bear § 1983 liability for malpractice-type actions); Harris v. Ward, 418 F. Supp. 660 (S.D.N.Y. 1976). Thus, Defendant Feinberg cannot be held liable under 42

U.S.C. § 1983.

To the extent that Tompkins seeks to assert any actionable state law tort claims in the instant action against Defendant Feinberg based on negligence and legal malpractice, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise its supplemental jurisdiction over them and they will be dismissed without prejudice to any right he may have to assert them in state court.  In so holding, this Court takes no position as to the merits of any such claims.  Accordingly, this complaint will be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**NOW, THIS 27th DAY OF MAY, 2005, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2), is **GRANTED** for the purpose of filing the complaint only.

2. The complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3. The Clerk of Court is directed to **CLOSE** this case.

4. Any appeal from this order will be deemed frivolous, not taken in good faith and lacking probable cause.

s/ William J. Nealon
**United States District Judge**